UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE GONZALEZ,
CDCR #C-71416,

Plaintiff,

v.

T. THOMPSON, and R. ZABALA,

Defendants.

Case No.:  26-CV-1720 JLS (AHG)

**ORDER: (1) GRANTING REQUEST TO BE EXCUSED FROM COMPLYING WITH GENERAL ORDER 653A;**

**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS; AND**

**3) DISMISSING CIVIL ACTION FOR FAILURE TO PAY THE FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**

(ECF Nos. 2, 3)

## I.     INTRODUCTION

Jose Gonzalez ("Plaintiff"), a state inmate proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  *See* ECF No. 1.  Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant

to 28 U.S.C. § 1915(a).  *See* ECF No. 2.  Plaintiff has also filed a request to be relieved of the requirement set forth in this Court's General Order 653A,[1] which mandates that initial filings from incarcerated plaintiffs be submitted electronically.  *See* ECF No. 3.  For the reasons discussed below, the Court grants Plaintiff's request to be relieved from complying with this Southern District of California General Order 653A, denies the IFP motion, and dismisses the action without prejudice.

## II.    GENERAL ORDER 653A

Southern District of California General Order 653A requires prisoners incarcerated at Centinela State Prison, where Plaintiff is confined, who wish to file § 1983 actions to submit their initial filings electronically with the Clerk of the Court.  *See* S.D. Cal. Gen. Order No. 653A.  The General Order provides that any initial documents subject the Order that are received by the Clerk, but which are not in conformance with General Order 653A, are "accepted by the Clerk of Court for filing and docketed, but may be stricken by Court order as authorized by Local Civil Rule 83.1."  *See* S.D. Cal. Gen. Order No. 653A ¶ 2. Here, Plaintiff seeks leave to file his civil rights complaint pursuant to 42 U.S.C. § 1983 by mail, and to be excused from compliance with General Order 653A, because the librarian at Centinela State Prison declined to submit the Complaint for e-filing because it exceeds the page limitation.  *See* ECF No. 3 at 3.  Good cause appearing, the Court **GRANTS** the Motion (ECF No. 3).

## III.    IFP MOTION

Plaintiff's IFP motion, however, must be denied. Generally, parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d

---

[1]While Plaintiff references General Order No. 653, General Order No. 653A was adopted on June 20, 2018, and it amended and superseded General Order No. 653.  *See* S.D. Cal. Gen. Order No. 653A.

26-CV-1720 JLS (AHG)

1047, 1051 (9th Cir. 2007).  However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84–85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatorre*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84–85.

In support of his IFP motion, Plaintiff has submitted a Prison Certificate authorized by a prison accounting official and a copy of his Inmate Statement Report.  *See* ECF Nos. 2, 4; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119.  These documents show that for the six months immediately preceding filing of the Complaint, Plaintiff carried an average monthly balance of $3,721.01 and average monthly deposits of $428.01.  *Id.* at 5.  The available balance in Plaintiff's trust account as of March 12, 2026, was $4,370.70.  *Id*. at 2, 7.  As such, Plaintiff has not shown the indigence required to proceed IFP. Because Plaintiff has shown he is able to pay the $405 filing fee in total, Plaintiff's Motion to Proceed IFP (ECF No. 2) is **DENIED**.

/ / /

/ / /

**CONCLUSION**

In light of the foregoing, the Court:

1.      **GRANTS** Plaintiff's Motion to be Relieved from General Order 653's Electronic Filing Requirement (ECF No. 3).

2.      **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2).

3.      **DISMISSES** this action **WITHOUT PREJUDICE** for failure to pay the full statutory and administrative $405 civil filing fee required by 28 U.S.C. § 1914(a).

4.      **GRANTS** Plaintiff **forty-five (45) days** leave from the date this Order is filed in which to pay the $405 civil filing fee.  **If the filing fee is not paid within that period, the case will be closed.**

**IT IS SO ORDERED.**

Dated:  May 19, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-1720 JLS (AHG)