UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALES,<br>CDCR #C-71416,<br>Plaintiff,<br>v.<br>T. THOMPSON; and R. ZAVALA,<br>Defendants. | Case No.: 26-CV-1720 JLS (AHG)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>(ECF No. 1) |

Presently before the Court is Plaintiff Jose Gonzales's Complaint ("Compl.," ECF No. 1). As Gonzales is a prisoner seeking redress from governmental officers, the Court must screen his Complaint pursuant to 28 U.S.C. § 1915A. Having carefully considered Plaintiff's submission and the law, the Court **DISMISSES** the Complaint **WITH LEAVE TO AMEND**.

**BACKGROUND**

Gonzales is an inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint, Gonzales states he is currently serving a life sentence, plus ten years for a conviction he suffered in 1993. Compl. at 4. Gonzales alleges that on

November 3, 2023, while he was incarcerated at Centinela State Prison, he had a family visit, after which he was subjected to a drug test. *Id.* at 5. A correctional officer collected a urine sample from Gonzales. *Id.* at 6. The sample was sent to a lab for testing and ultimately tested "positive for the presence of morphine." *Id.*; *see also* ECF No. 1-3 at 28. The lab report also included the notation: "possible diluted urine sample." ECF No. 1-3 at 29.

As a result of the positive drug test, Gonzales was issued a Rule Violation Report ("RVR") for violation of California Code of Regulations, Title 15, § 3016(a) (prohibiting the use of controlled substances, medication and alcohol, except that provided by institutional health care providers). Compl. at 5; ECF No. 1-3 at 7. A hearing on the RVR was held on August 5, 2024, with Defendant Thompson acting as the senior hearing officer. Gonzales submitted documentary evidence and a written statement in his defense. Compl. at 6. He argued the positive test was unreliable because the sample was diluted and alleged the sample had been "tampered with." *Id.* Thompson found Gonzales guilty of the RVR and issued the Disciplinary Hearing Results in writing on August 8, 2024. *Id.* at 10. Therein, Thompson noted that he had considered all the evidence and Gonzales's defenses. *Id.* He found that while the drug test results showed a possible "dilution" of the sample, such dilution would not generate a false positive for morphine. *Id.* As a result of being found guilty of the RVR, Gonzales was assessed a "credit loss" of 30 days. *Id.* at 13. Defendant Zavala, the Chief Disciplinary Officer, affirmed the hearing results on September 12, 2024. *Id.* at 10; *see also* ECF No. 1-3 at 15–16.

On September 22, 2024, Gonzales filed an administrative grievance in which he disputed the RVR guilty finding. Compl. at 13. On November 20, 2024, Gonzales's grievance was denied. *Id.* at 16. Gonzales appealed the denial of his grievance on November 24, 2024. *Id.* at 18. The appeal was denied on January 13, 2025. *Id.* at 22. He filed the present Complaint shortly thereafter. *Id.* at 1.

The Court previously denied Plaintiff's motion to proceed in forma pauperis ("IFP") and dismissed the action because Plaintiff had sufficient funds on account to pay the

requisite filing fee. *See* ECF No. 5. The Court notified Gonzales that to have his case reopened, he must pay the $405 filing fee in full. *Id.* Gonzales has now paid the full civil filing fee required by 28 U.S.C. § 1914(a) and the case is reopened. *See* ECF No. 6.

## LEGAL STANDARD

Because Plaintiff is a prisoner seeking redress from governmental officers, his complaint requires screening pursuant to 28 U.S.C. § 1915A before any of his claims may proceed. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Olivas v. Nevada ex rel. Dept. of Corr*., 856 F.3d 1281, 1283 (9th Cir. 2017).

Screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## DISCUSSION

Gonzales raises due process claims pursuant to 42 U.S.C. § 1983. He alleges Thompson violated his right to due process when he found Gonzales guilty of the RVR and Zavala violated his due process rights in affirming that decision. *Id.* at 3. He seeks injunctive relief, including reversal of the guilty RVR finding, expungement of the disciplinary report from his central file, and restoration of his 30 days of custody credits. *Id*. at 26. For the reasons discussed below, however, the Court dismisses the complaint with leave to amend for failure to state a claim.

/ / /

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (and) (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

"[A] prisoner is entitled to certain due process protections when he is charged with a disciplinary violation." *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–571 (1974)). When a protected liberty interest arises, federal due process requires prisoners be provided: (1) 24-hour advanced written notice of the charges; (2) a written statement from the factfinder, which identifies the evidence relied on and the reasons for the action taken; (3) an opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; (4) assistance at the hearing if he is illiterate or the matter is complex; and (5) a "sufficiently impartial" factfinder. *Wolff*, 418 U.S. at 564–71.

When a protected liberty interest is not at stake, the minimum requirements of due process require only that "the findings of the prison disciplinary board [be] supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454–55 (1985). A

protected liberty interest arises where a sentence is exceeded in "an unexpected manner" or where an inmate is subject to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

## I. *Heck* Bar

As an initial matter, the Court must first determine if Plaintiff's claims are barred by the principals set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). They are not.

Under *Heck*, a prisoner may not bring a claim under § 1983 that necessarily implies the invalidity of a conviction or sentence until he has succeeded in invalidating the conviction or sentence by other means, such as through the grant of a writ of habeas corpus. *Id.* at 486–87. This principal also applies to § 1983 claims arising from prison disciplinary proceedings that resulted in a sanction that affects a prisoner's term of confinement, such as the loss of good time credits. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). A prisoner's challenge to a prison disciplinary proceeding is barred by *Heck* if judgment in his favor would "necessarily imply the invalidity of the deprivation of his good-time credits." *Id*. at 646. Put simply, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Here, Gonzales lost 30 days of custody credits as a result of being found guilty of the RVR, and he seeks to have the RVR finding set aside and those credits restored. *See* Compl. at 36–37. Generally, a finding that the RVR proceedings and result were obtained in violation due process would "necessarily imply the invalidity" of the 30-day loss of credits, and thus the duration of Gonzales's confinement. But in this case, Gonzales states he is serving a life sentence, plus 10 years, after being convicted of first-degree murder in

/ / /

/ / /

1993. *Id.* at 4. Because Gonzales is serving a life sentence,[1] the loss of custody credits will not necessarily lead to a shorter term of confinement. *Cf. Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (holding that prisoner sentenced to indeterminate life sentence seeking restoration of lost good time credits did not show the loss of credits necessarily affected the duration of his sentence). Therefore, *Heck* does not bar Gonzales's claims.

## II. Due Process: *Wolff* and *Hill*

Gonzales alleges he was denied the procedural protections set forth in *Wolff* and found guilty despite a lack of "some evidence," as required in *Hill*. *See* Compl. at 23–27. The Court finds his allegations fail to state a claim.

First, the procedural protections outlined in *Wolff* apply only if the plaintiff has a protected liberty interest at stake. *See Wright*, 219 F.3d at 913. A protected liberty interest arises where a sentence is exceeded in "an unexpected manner" or where an inmate is subject to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In determining "what is atypical and significant in any particular prison system," *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to "1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting

---

[1] While Gonzales does not specify whether his life sentence is indeterminate or without the possibility of parole, the Court takes judicial notice that the California Department of Corrections and Rehabilitation's Inmate Locator website indicates Gonzales is serving sentence of life without the possibility of parole. *See* https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=C71416 (visited Oct. 21, 2026); *see also United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (noting a court may take judicial notice of public records available on inmate locator websites); *McDaniel v. Lizarraga*, No. 19-cv-1136-DAD-KJN, 2023 WL 3721102, at *3 (E.D. Cal. May 30, 2023) (taking judicial notice that the CDCR inmate locator reflected that the plaintiff was serving a sentence of life without the possibility of parole).

*Sandin*, 515 U.S. at 486–87). Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

Generally, a prisoner has a protected liberty interest in good-time custody credits when the loss of such credits will affect the length of his incarceration. *See Wolff*, 418 U.S. at 557 (finding protected liberty interest in forfeited good time credits because credits lead to speedier release). In instances where the loss of custody credits does not affect the duration of a sentence, however, there is no protected liberty interest sufficient to invoke the procedural protections of *Wolff*. *See Sandin*, 515 U.S. at 484. And here, because Gonzales is serving life without the possibility of parole, the loss of credits has no impact on the duration of his sentence and does not amount to a significant and atypical hardship. *Lees v. Mariscal*, No. 19-CV-01603-HSG, 2022 WL 4591794, at *6 (N.D. Cal. Sept. 29, 2022) ("Credit loss by an inmate serving a life term without the possibility of parole also does not constitute an atypical and significant hardship within the meaning of *Sandin*."); *Shallowhorn v. Carrillo*, No. 23-CV-02098-LL-DEB, 2024 WL 2702208, at *5 (S.D. Cal. May 24, 2024) ("Because the loss of good-time credits can make no difference to the length of a life-without-parole sentence, it cannot constitute the kind of 'significant or atypical hardship' required to create a liberty interest."); *see also Sims v. Maddock*, 2 Fed. App'x 767, 768 (9th Cir. 2001) (finding "no cognizable liberty interest at stake" where the "loss of good time credits [was] unlikely to alter the balance" of the prisoner's indeterminate life sentence). Therefore, Gonzales has not alleged facts sufficient to show a protected liberty interest.

Even if Plaintiff had a liberty interest, he would not be entitled to relief because he received the minimum procedural protections required under *Wolff*, including notice, time to prepare, the ability to submit evidence in his defense, and a written statement of the decision. *See* ECF No. 1-3 at 11–12.

Moreover, while Gonzales argued the drug test results were unreliable because of possible "dilution," the lab results were sufficient to constitute "some evidence to support

the decision." *See Hill*, 472 U.S. at 455–56 ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) ("The *Hill* standard is minimally stringent."); *Wood v. Washburn*, No. 23-35041, 2025 WL 66046, at *2 (9th Cir. Jan. 10, 2025) (unpublished) (stating that while Wood argued a drug test sample was tampered with, it was undisputed the sample tested positive for tramadol, which was sufficient to satisfy the "minimally stringent" due process requirement that "some evidence" supports finding a violation).

Gonzales relies heavily on *Tinsley v. Fox*, No. 16-CV-1647-TLN-AC P, 2016 WL 6582588 (E.D. Cal. Nov. 7, 2016) in arguing the RVR finding was not sufficiently supported by "some evidence," as required under *Hill*. *See* Compl. at 6–7, 14–15, 25–26. In *Tinsely*, a prisoner tested positive for a controlled substance and was found guilty of a disciplinary RVR. *Id.* at *4. The prisoner appealed the decision administratively and, upon third-level review, the warden ultimately dismissed the RVR finding because the urine sample was "possibly diluted." *Id.* But despite some similarities, *Tinsley* does not help Gonzales here because the district court in that case found that, despite the alleged diluted sample, the evidence that "the underlying lab result . . . was positive for morphine" was sufficient to satisfy the "some evidence" standard. *See id.* at *12 ("Notwithstanding this ultimate favorable ruling [on appeal], the original finding of guilt on RVR #1 was based on "some evidence" in the record, specifically, the underlying lab result that was positive for morphine."). Therefore, Gonzales, like the plaintiff in *Tinsely*, has failed to state a due process claim under *Hill*. *See id.*

Based on the foregoing, the Court finds Gonzales has failed to state a due process claim against Thompson and Zavala and therefore the Complaint is dismissed pursuant to 28 U.S.C. § 1915A(b).

Although it appears unlikely that Gonzales will be able to state a cognizable claim, because he is an inmate proceeding pro se, the Court grants him leave to file a first amended complaint which cures the deficiencies identified above. *See Rosati v. Igbinoso*, 791 F.3d

1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## CONCLUSION

For all the reasons explained, the Court:

(1) **DISMISSES** Plaintiff's Complaint in its entirety pursuant 28 U.S.C. § 1915A(b) for failing to state a claim upon which § 1983 relief can be granted.

(2) **GRANTS** Plaintiff leave to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order <u>on or before December 31, 2026</u>. Plaintiff's Amended Complaint must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: October 27, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge